IN THE CIRCUIT COURT FOR BALTIMORE CITY, MARYLAND

| | |
|---|---|
| TERESA MILLER, <br> 1004 W. Irvin Ave. <br> Hagerstown MD 21742 <br><br> Plaintiff <br><br> v. <br><br> FIA CARD SERVICES, NA., <br> 1100 North King St. <br> Wilmington DE 19884, <br><br> SERVE:  President <br>         1100 North King St. <br>         Wilmington DE 19884 <br><br> Defendant. | Case No. <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

### I. INTRODUCTION

Plaintiff, Teresa Miller ("Plaintiff"), by and through her counsel, sues FIA Card Services, NA (FIA) for (1) negligent and willful violations of the Fair Credit Reporting Act, 15 U.S.C.A. § 1681 et seq. ("FCRA") arising from the reporting of inaccurate information that has caused Plaintiff damages; (2i) efforts to collect a debt when the debt is not legally owed and the Defendant knew it was not legally owed in violation of the Maryland Consumer Debt Collection Act, § 14-201 of the MD Comm. Law Art., (MCDCA).

### II. JURISDICTION AND VENUE

1. Claims under the FCRA may be asserted before any court of competent jurisdiction. 15 U.S.C. § 1681p. This court has jurisdiction over the claims asserted by the Plaintiff since the injury resulting from the Defendant's violation of the FCRA and the MCDCA occurred in the State of Maryland.

1

2. Venue before this court is proper since the Defendant regularly transacts business in Baltimore City, Maryland.

### III. PARTIES

3. Plaintiff, Teresa Miller ("Plaintiff") is an individual resident of Washington County, Maryland. She is a consumer as defined by the FCRA, 15 U.S.C. §1681a(c).

4. Defendant, FIA is a national association and is a furnisher of information to consumer reporting agencies as defined by Fair Credit Reporting Act (FCRA) 15 U.S.C. § 1681a(f). It furnishes information the consumer reporting agencies under the name Bank of America. Further, Defendant is a "collector" under the MCDCA. The Defendant seeks to collect an alleged debt arising from a consumer transaction.

### IV. FACTS

5. On July 24, 2012, the Defendant FIA filed an action against the Plaintiff claiming that she owed the Defendant $11,763.90 before the District Court for Washington County, Maryland, Case No. 1102-00028472012 ("Court Case"). The suit involved transactions involving a person seeking or acquiring real or personal property, services, money or credit for family, personal or household purposes.

6. The complaint filed by the Defendant FIA was dismissed with prejudice by the Washington County court in favor of the Plaintiff here, Miller, on December 14, 2012.

7. Despite the dismissal with prejudice entered in the Court Case, the Defendant has attempted to collect the debt form the Plaintiff through various ways, including by reporting the debt to consumer reporting agencies and hiring collection agencies to collect the debt.

#### A. CONSUMER REPORTING AGENCIES

##### i. EXPERIAN

7. On August 26, 2013, Plaintiff requested Experian reinvestigate the information furnished by the Defendant that appeared on her consumer disclosure. The Defendant furnished Transunion information that Plaintiff owed a balance of $11,763 to Defendant.

8. On September 22, 2013 Plaintiff received an e mail form Experian that the results of her reinvestigation was available. The information provided by FIA was deleted from her report.

9. By letter dated October 25, 2013, Experian advised that in connection with her dispute, that it had contacted the "source of the information" and that the source had confirmed the accuracy of the deleted information so it was re-added to her credit file.

**ii. TRANSUNION**

10. On October 14, 2013, Plaintiff requested TransUnion reinvestigate the information furnished by the Defendant that appeared on her consumer disclosure. The Defendant furnished Transunion information that Plaintiff owed a balance of $11,763 to Defendant.

11. On October 22, 2013, Plaintiff again lodged a disputed to Transunion that the information furnished by the Defendant that she owed it $11,763 was inaccurate. She provided a copy of the docket from the Court Case along with her dispute.

12. On October 29, 2013, the information furnished by the Defendant was updated but continued to report that she had a balance owed to it.

13. On November 6, 2013, Transunion advised her that it had completed its reinvestigation and provided another consumer disclosure. Upon information and belief, Transunion contacted FIA in connection with her reinvestigation and FIA refused to delete the balance and other information relating to the account that was the subject of the Court Case.

3

14. On November 15, 2013, Transunion advised her again that it had completed its reinvestigation and provided another consumer disclosure. Upon information and belief, Transunion contacted FIA in connection with her reinvestigation and FIA refused to delete the balance and other information relating to the account that was the subject of the Court Case.

### iii. EQUIFAX

15. On or about August 29, 2013, Plaintiff requested Equifax reinvestigate the information furnished by the Defendant that appeared on her consumer disclosure. The Defendant furnished Equifax information that Plaintiff owed a balance of $11,763 to Defendant.

16. On October 12, 2013, Equifax advised her that it had completed its reinvestigation and provided another consumer disclosure. Upon information and belief, Equifax contacted FIA in connection with her reinvestigation and FIA refused to delete the balance and other information relating to the account that was the subject of the Court Case.

## B. COLLECTION AGENCIES

### i. NORTHLAND

17. On July 17, 2013 Northland Group, Inc. sent a demand letter to the Plaintiff. The letter stated:

> Your past due account balance: $11,763.90
>
> The above referenced FIA Card Services account has been assigned to Northland Group, Inc. for collection.

18. On August 17, 2013 Northland Group, Inc. sent another demand letter that referenced an alleged debt of $11,763.90 owed to FIA Card Services, Inc.

19. On September 17, 2013 Northland Group, Inc. sent another demand letter that referenced an alleged debt of $11,763.90 owed to FIA Card Services, Inc.

20. The Defendant has disclosed or threatened to disclose information which affects the Plaintiff's reputation for credit worthiness with knowledge that the information is false.

21. The Defendant has claimed, attempted, or threatened to enforce a right with knowledge that the right does not exist.

22. The Defendant did not have any legal right to claim any amount from the Plaintiff after the court dismissed the Court Case with prejudice.

23. The Defendant did not have any right to disclose that Plaintiff had an outstanding balance owed to it.

## COUNT I
### (Negligent Noncompliance with the Fair Credit Report Act)

24. Plaintiff re-alleges the allegations in the foregoing paragraphs.

25. Civil liability for negligent noncompliance with the FCRA is set forth at 15 U.S.C. § 1681o:

> (a) In general, Any person which is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of:
> (1) Any actual damages sustained by the consumer as a result of the failure;
> (2) In the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.
> (b) Attorney's fees. On finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall ward to the prevailing part attorney's fees reasonable in relation to the work expended in responding to the pleading, motion or other paper.

26. Defendant negligently failed to comply with the requirements of Fair Credit Reporting Act, including but not limited to 15 U.S.C. § 1681s-2 (b).

27. As a result of Defendant's failure to comply with the requirements of the Fair Credit Reporting Act, Plaintiff has suffered, and continues to suffer, actual damages, including

5

economic loss, lost opportunity to receive credit, damage to reputation, invasion of privacy and emotional distress for which Plaintiff seeks damages in an amount to be determined by the jury.

28.  The Defendant had a duty of reasonable care not to injure the Plaintiff, privacy, general reputation, or credit reputation.

29.  Since December, 2012 and present, the Defendant negligently violated its duty of reasonable care to Plaintiff by continuing to furnish inaccurate information about Plaintiff. 's

30.  As a direct and proximate result of the Defendant Equifax's negligence, the Plaintiff has suffered mental anguish and a loss of ability to obtain credit.

## COUNT II
### (Willful Noncompliance with the Fair Credit Report Act)

31.  Plaintiff re-alleges and incorporates the foregoing paragraphs.

32.  Defendant willfully failed to comply with the requirements of the Fair Credit Reporting Act, including but not limited to 15 U.S.C. § 1681s-2 (b).

33.  Defendant was a party to the Court Case and knew the result of that case prior to the time that the Plaintiff requested a reinvestigation of her credit file.

34.  As a result of Defendants' willful failure to comply with the requirements of the Fair Credit Reporting Act, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, lost opportunity to receive credit, damages to reputation, invasion of privacy and emotional distress for which plaintiff seeks damages in an amount to be determined by the jury.

35.  Plaintiff requests statutory damages as included in the Fair Credit Reporting Act.

36.  Plaintiff requests court costs pursuant to 15 U.S.C. § 1681n(a)(3).

## COUNT III
### (Violation of Maryland Consumer Debt Collection Act)

37. Plaintiff re-alleges and incorporates the foregoing paragraphs.

38. The Defendant knew that it filed the Court Case against the Plaintiff.

39. The Defendant knew that the court dismissed its Court Case with prejudice.

40. All of the Defendant's acts upon which the Plaintiff bases her claims occurred after the Court Case was dismissed with prejudice.

41. The Defendant has disclosed or threatened to disclose information which affects the Plaintiff's reputation for credit worthiness with knowledge that the information is false.

42. The Defendant has claimed, attempted, or threatened to enforce a right with knowledge that the right does not exist.

43. The Defendant did not have any legal right to claim any amount from the Plaintiff after the court dismissed the Court Case with prejudice.

44. The Defendant did not have any right to disclose that Plaintiff had an outstanding balance owed to it.

45. The Defendant is liable for any damages proximately caused by its violations, including damages for emotional distress or mental anguish suffered with or without accompanying physical injury.

46. The Plaintiff has suffered emotional distress as a result of the Defendant's acts and inactions.

47. The violation of the MCDCA is a per se violation of the Maryland Consumer Protection Act, which entitles the Plaintiff to recover her costs, including attorney fees from the Defendant.

## PRAYER

WHEREFORE, Plaintiff prays judgment against the Defendant as follows:

**On Count I:**
1. Actual damages to be determined by the jury in an amount in excess of $75,000.00; and
2. court costs, including attorney fees; and
3. Such other relief that the nature of his cause may require.

**On Count II:**

1. Actual damages to be determined by the jury in the amount in excess of $75,000.00; and
2. Statutory damages as allowed by the Fair Credit Reporting Act; and
3. Punitive damages in the amount in excess of $75,000.00; and
4. Court costs, including attorney fees; and
5. Such other relief that the nature of his cause may require.

**On Count III:**
1. Actual damages to be determined by the jury in an amount in excess of $75,000.00; and
2. court costs, including attorney fees; and
3. Such other relief that the nature of his cause may require.

Respectfully submitted,

Scott C. Borison,
Legg Law Firm, LLC.
5500 Buckeystown Pike
Frederick MD 21703
(301) 620-1016
E mail: Borison@legglaw.com

### DEMAND FOR TRIAL BY JURY
The Plaintiff demands a trial by jury of her claims.

Respectfully submitted,

Scott C. Borison

8